USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/7/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
ROBERTO BETANCUR,  :   12 Civ. 6951 (WHP)
          :
         Plaintiff,  :   01 Cr. 628 (WHP)
          :
     -against-  :   MEMORANDUM & ORDER
          :
UNITED STATES OF AMERICA,  :
          :
         Defendant.  :
          :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

Roberto Betancur, a federal prisoner, moves pro se for the return of property under Federal Rule of Criminal Procedure 41(g). For the following reasons, Betancur's motion is denied.

## BACKGROUND

On September 27, 2002, Betancur pled guilty to (1) conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine and one kilogram or more of heroin in violation of 21 U.S.C. §846, and (2) possessing with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 841(b)(1)(B). Before sentencing, Betancur agreed to forfeit to the Government $13,911.56 in United States currency seized from 380 Audubon Avenue in Upper Manhattan, a location at which he operated a grocery store and directed a narcotics conspiracy. On January 7, 2004, this Court issued a Preliminary Order of Forfeiture ordering that the $13,911.56 seized from 380 Audubon Avenue be "forfeited to the United States for disposition in accordance with the law . . . ." (Dkt. No. 129.)

On January 30, 2004, this Court sentenced Betancur principally to 235 months of imprisonment and made the Preliminary Order of Forfeiture part of the sentence. (Transcript of Sentencing Proceeding, dated Jan. 30, 2004 at 16-19.) This Court then incorporated the Preliminary Order of Forfeiture into the judgment of conviction. On May 14, 2004, this Court entered a Final Order of Forfeiture that enumerated the property forfeited to the United States, including the $13,911.56 seized from 380 Audubon Avenue. (Dkt. No. 140.) Betancur did not appeal his conviction or sentence.

On August 28, 2012, Betancur filed an "Application for a Writ of Replevin." By Order dated September 25, 2012, this Court construed the application as a motion for the return of property under Rule 41(g), directed the Government to respond, and invited further briefing from Betancur.

## DISCUSSION

Under Rule 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Here, Betancur seeks the return of "United States Currency in the amount of thirteen-thousand nine-hundred dollars," which he contends "were legitimate proceeds from [his] grocery store, located at 380 Aud[u]bon Avenue[.]"

Betancur's motion is both untimely and meritless. First, "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). This six-year statute of limitations applies to Rule 41(g) motions, and the cause of action accrues on the date the defendant is sentenced. Bertin v. United States, 478 F.3d 489, 493-94 (2d Cir. 2007). Because

Betancur filed his 41(g) motion more than eight years after he was sentenced, the motion is time-barred.

The motion also fails on the merits. Betancur agreed to forfeit the $13,911.56 seized at 380 Audubon Avenue to the Government. And this Court expressly ordered the forfeiture of that money as proceeds of the narcotics conspiracy. Because the money was properly forfeited, Betancur has no grounds to seek its return under Rule 41(g). See Ferreira v. United States, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005) ("The movant is not entitled to the return of property under Rule 41(g) to which he cannot claim lawful possession.").

## CONCLUSION

For the foregoing reasons, Betancur's application for a writ of replevin, construed as a motion for return of property under Rule 41(g), is denied. This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of the Court is directed to terminate all pending motions and mark this case closed.

Dated: January 7, 2013
New York, New York

SO ORDERED:

WILLIAM H. PAULEY III
U.S.D.J.

*Copies to:*

Roberto Betancur
45318-054
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887
*Plaintiff Pro Se*

Brendan F. Quigley, Esq.
United States Attorney Office, SDNY
One Saint Andrew's Plaza
New York, NY 10007
*Counsel for Defendant*